# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PRESILIANO YANEZ-VILLEGAS, <br> Petitioner, <br> v. <br> B. BIRKHOLZ, <br> Respondent. | No. CV 25-02000-DFM <br><br> Memorandum and Order of United States Magistrate Judge |

## I. BACKGROUND

On March 3, 2025, Petitioner Presiliano Yanez-Villegas ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner is a federal prisoner serving a 135-month sentence at the Federal Correctional Institute in Lompac, California for conspiracy to possess with intent to distribute and possession with intent to distribute methamphetamine. See id. at 2-3, 13.[1] He contends that the Bureau of Prisons ("BOP") did not properly credit three years he spent in state custody toward his federal sentence. See id. at 6-7. The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including the resolution of all dispositive matters. See Dkts. 6, 8. On May 12, 2025,

---

[1] All citations refer to the pages assigned by the Court's electronic case filing system (CM/ECF).

Respondent filed an opposition to the Petition, see Dkt. 12, and on July 9, 2025, Petitioner filed a reply, see Dkt. 21. The matter is now ready for decision.

## II. RELEVANT FACTS

On April 4, 2005, Petitioner was sentenced in state court to 15 years in prison for possession with intent to manufacture or distribute 400 grams of a controlled substance. See Dkt. 15-1 at 9. On January 1, 2013, he was released on parole. See id.

On June 10, 2015, Petitioner was arrested and charged in state court for possession with intent to deliver 400 grams of methamphetamine. See id. at 3. Six days later, a parole-revocation arrest warrant was issued against him, and thereafter he was held in state custody for violating his parole in the 2005 case. See id. at 9.

On January 25, 2017, while Petitioner was still in state custody for violating parole, he was indicted in the United States District Court for the Southern District of Texas for conspiracy to possess with intent to distribute and possession with intent to distribute methamphetamine. See id. at 11-12. He was transferred from state to federal custody, and on November 5, 2018, he pleaded guilty in the federal case and was sentenced to 135 months in federal prison. See id. at 20-21. Although he had not been tried on his corresponding 2015 possession-with-intent charge in state court, his federal sentence was nevertheless ordered to run concurrently with his state sentence. See Petition at 11.

On November 16, 2018, Petitioner was returned to state custody. See Dkt. 15-1 at 17-18. On November 29, 2018, his parole in the 2005 case was officially revoked, and he was ordered to serve the remainder of his 2005 state-court sentence. See id. The state court credited him for the time he spent in custody from his June 17, 2015 parole-violation arrest until the date his parole

2

was revoked. See id. at 9, 45. On December 20, 2018, his 2015 state-court drug charge was dismissed. See id. at 2-3. On September 17, 2021, he completed his 2005 state-court sentence and was released into federal custody to serve his 2018 federal sentence. See id. at 9.

The BOP subsequently calculated Petitioner's federal sentence. See id. at 58. It determined that his sentence commenced on November 5, 2018. See id. He was awarded no credit against his federal sentence for any time spent in state custody for violating parole. Subsequently, however, the BOP realized that the state court had failed to award Petitioner presentence credit for the initial six-day period he spent in custody between his June 10, 2015 arrest and the issuance of the arrest warrant against him for violating his parole. See id. at 59. Accordingly, the BOP modified the computation of his federal sentence. See id. His projected release date is June 1, 2027, assuming he earns all available good-conduct time. See id. at 58-59.

### III. JURISDICTION

A district court may grant habeas relief to a federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claim is proper under § 2241 because it concerns the execution of his sentence and not the fact of his conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (challenge to execution of sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241") (citation omitted); Fitch v. Johnson, No. 16-1227, 2017 WL 1508560, at *2 (C.D. Cal. Mar. 21, 2017) (finding that § 2241 petition was proper vehicle for petitioner's challenges to BOP's calculation of his sentence), accepted by 2017 WL 1502780 (C.D. Cal. Apr. 25, 2017), aff'd, 726 F. App'x 639 (9th Cir. 2018).

### IV. DISCUSSION

Petitioner contends that the BOP improperly calculated his sentence by denying him presentence custody credit under 18 U.S.C. § 3585(b) for the three years between June 17, 2015, when he was taken into state custody for violating parole, and November 5, 2018, when his federal sentence commenced. See Petition at 6-7. He maintains that he is entitled to credit for this period because his actions underlying his state custody were the same as those underlying his 2018 federal-court conviction and because his federal sentence was ordered to run concurrently with his state sentence. See id.

As explained below, Petitioner is not entitled to any credit under § 3585(b) for the time he spent in state custody predating the commencement of his November 2018 federal sentence.

### A. Applicable Law

The United States Attorney General, through the BOP, is responsible for computing federal sentences, see United States v. Wilson, 503 U.S. 329, 333-37 (1992), which "requires two separate determinations," McRae v. Rios, No. 10-001246, 2013 WL 1758770, at *3 (E.D. Cal. Apr. 24, 2013) (citations and quotations omitted). First, the BOP must determine when the sentence commences. See id. Second, it must determine whether and to what extent the defendant is entitled to credit for any time already spent in custody. See id.

A federal sentence begins "on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Consequently, "a federal sentence cannot commence until a prisoner is sentenced in federal district court." Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."). Although "[a] sentence can run concurrent with an unexpired portion of a previously imposed sentence," it

"cannot run concurrent with that part of a previously imposed sentence that has already run." <u>Sadler v. Baltazar</u>, No. 18-0485, 2019 WL 4419014, at *2 (D. Ariz. Aug. 23, 2019) (citing 18 U.S.C. § 3585(a)). "A sentence starts when the defendant is taken into custody to serve that sentence, and not before." <u>Id.</u>

The application of pre-sentence custody credits to a federal sentence is governed by § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b) (emphasis added). In enacting this provision, "Congress made clear that a defendant could not receive a double credit for his detention time." <u>Wilson</u>, 503 U.S. at 337; <u>see also</u> <u>United States v. Von Willie</u>, 59 F.3d 922, 930-31 (9th Cir. 1995) (finding defendant was not entitled to custody credit for detention time already applied toward consecutive state sentence).

**B.    <u>Analysis</u>**

The BOP did not err in calculating the presentence custody credit to which Petitioner was entitled under § 3585(b). The 135-month sentence to which he was sentenced by the federal district court began on the day it was imposed, November 5, 2018. By law, it could run concurrent only to the undischarged portion of his previously imposed 15-year state-court sentence. <u>See</u> <u>Jimenez v. Rex</u>, No. 22-00758, 2023 WL 3452002, at *3-5 (E.D. Cal. May 15, 2023) (holding time that petitioner spent in federal custody for previously

imposed sentence could not be credited toward his sentence even though sentence was ordered to run concurrently with previously imposed sentence); Becerra v. Engleman, No. 19-9934, 2021 WL 76709, at *3-4 (C.D. Cal. Jan. 7, 2021) (same); Acosta v. Langford, No. 17-6213, 2018 WL 942201, at *5-7 (C.D. Cal. Jan. 22, 2018) (same), accepted by 2018 WL 941694 (C.D. Cal. Feb. 13, 2018).

That the federal district court ordered Petitioner's 135-month term of imprisonment to run concurrently with his 15-year state-court sentence does not alter the result. A sentence may only run concurrently with an unexpired portion of a previously imposed sentence. As noted above, "it cannot run concurrent with that part of a previously imposed sentence that has already run," because a "sentence starts when the defendant is taken into custody to serve that sentence, and not before." Sadler, 2019 WL 4419014 at *2.

Moreover, contrary to Petitioner's view, he was not held in state custody during the contested three-year period for same reason he was prosecuted in federal court. See Petition at 6. Although he was charged in state court with methamphetamine possession with intent to distribute, that charge was dismissed. To be sure, he spent six days in state custody after being arrested for that crime, but the BOP accounted for those days in computing his sentence. Although he spent the next three years in state custody, he was in custody pursuant to a parole-violation, not for the drug-possession offense underlying his federal-court conviction.

In any event, crediting Petitioner's federal sentence for three-year period during which he was in state custody for violating parole would violate § 3585(b)'s prohibition on double credit for presentence custody. He received credit for that three-year period toward his 2005 state-court sentence, and thus no portion of that period can be credited toward his federal sentence. See § 3585(b); McRae, 2013 WL 1758770 at *5 ("Since Petitioner has received full

6

credit against his <u>state</u> sentence for the all of the time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum, he is not entitled to any additional credit, <u>i.e.</u>, effectively double credits, against his federal sentence <u>for the same period of time</u>.") (emphasis in original).

In sum, the BOP properly declined to give Petitioner any additional credit for the time during which he was held in state custody. Accordingly, he is not entitled to habeas relief.

## V. CONCLUSION

IT IS THEREFORE ORDERED that the Petition is DENIED. Let judgment be entered dismissing this action with prejudice.

Date: August 28, 2025

                                              DOUGLAS F. McCORMICK
                                              United States Magistrate Judge